UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GARY DILLON,
        Plaintiff,

     v.                                                    CASE NO. 3:14-cv-820(SRU)

JOHN DOE,
RISPERDAL DRUG COMPANY,
        Defendant.

## INITIAL REVIEW ORDER

The plaintiff, Gary Dillon, incarcerated and *pro se*, has filed a Complaint under 42 U.S.C. § 1983. He identifies the defendant as John Doe Risperdal Drug Company.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

   The plaintiff asserts that in February 2012, he was confined at Garner Correctional Institution.  On February 7, 2012, Dr. Maurice Lee prescribed him a drug called Risperdal.  He claims that Risperdal caused him to suffer from gynecomastia and blurred vision.  In July 2012, Dr. Lee discontinued the prescription for Risperdal due to the onset of gynecomastia.   The plaintiff seeks monetary damages for emotional distress and physical injury.

   To state a claim for relief under section 1983, the plaintiff must allege facts showing that each defendant acted under color of state law.  Private parties are not generally liable under section 1983.

   To show that the actions of a private party may be attributable to the state, thereby making the private party subject to liability under section 1983, the plaintiff must allege facts showing (1) that the denial of his constitutional right was caused by the exercise of a right or privilege created by the state or by a rule of conduct imposed by the state and (2) that the person who violated his rights is a state official, acted together with state officials or obtained significant aid from state officials.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

The plaintiff has not alleged any facts supporting either requirement. He alleges only that the drug Risperdal which was manufactured by the defendant drug company, caused him to suffer significant side-effects. Thus, the defendant drug company is not a state actor and any claims against it are not cognizable under section 1983. *See* 28 U.S.C. § 1915A(b)(1).

To the extent that the plaintiff is attempting to assert a product liability claim against the defendant under the Connecticut Product Liability Act, the court lacks subject matter jurisdiction over that state law claim unless there is diversity of citizenship. 28 U.S.C. § 1332(a). As pleaded, the complaint contains insufficient facts to show that diversity exists between the parties. Once the plaintiff determines the identity of "John Doe Risperdal Drug Company," he may re-file his complaint in this court if there is diversity of citizenship. The plaintiff may also file a complaint alleging any state law product liability claim in state court.

## Conclusion

All claims in the Complaint against defendant John Doe Risperdal Drug Company are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Motion for Appointment of Counsel [**Doc. No. 4**] is **DENIED** as moot. The Clerk is directed to enter judgment for the defendant and close this case.

SO ORDERED at Bridgeport, Connecticut this 28th day of October 2014.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE